**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0509-16T3

ANTHONY N. IANNARELLI, JR.,

     Appellant,

v.

DEPARTMENT OF TREASURY,
DIVISION OF PENSIONS AND
BENEFITS, and FLORENCE
J. SHEPPARD,[1]

     Respondents.

_____

Argued October 10, 2018 – Decided October 22, 2018

Before Judges Hoffman and Suter.

On appeal from the Department of Treasury, Division of Pensions and Benefits, PERS No. 799459.

Anthony N. Iannarelli, Jr., appellant, argued the cause pro se.

Robert S. Garrison, Jr., Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal,

---

[1] Florence J. Sheppard is no longer the Acting Director of the Division of Pensions and Benefits. John Megariotis is now the Acting Director.

Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Robert S. Garrison, Jr., on the brief).

PER CURIAM

Anthony Iannarelli appeals from a final agency determination of the Division of Pensions and Benefits (the Division) finding him ineligible to re-enroll in the Public Employees' Retirement System (PERS) and declaring him retired from all state pension systems because he received a cash distribution from his Alternative Benefit Plan (ABP). Iannarelli seeks a remand to the Office of Administrative Law (OAL) to resolve alleged factual disputes. For the reasons that follow, we affirm.

I.

Despite Iannarelli's contentions, the record reflects no dispute as to any material facts. PERS is a State-run retirement system for public employees. N.J.S.A. 43:15A-7. Iannarelli enrolled in PERS when he worked as a law clerk for Essex County in 1988. Iannarelli made PERS contributions through other public employment until December 31, 2007, including while he worked as an adjunct professor at Ramapo College; he left that position due to an injury. Because he did not have a contract to return to a PERS-eligible position or an

2

approved leave of absence, Iannarelli's PERS account expired on December 31, 2009, pursuant to N.J.S.A. 43:15A-7(e).

In the spring of 2011, Iannarelli returned to teach at Ramapo College and applied to re-enroll in PERS. However, between the time he last taught at Ramapo in 2007 and when he returned in 2011, the law concerning eligibility for PERS changed – adjunct professors could no longer enroll in PERS. Rather, Iannarelli could only enroll in the ABP, "a tax-sheltered, defined contribution retirement program for higher education faculty and certain administrators." Because of this change, PERS denied Iannarelli's request to re-enroll.

On March 22, 2012, the Division issued a final decision, denying Iannarelli's request to reinstate his expired PERS account. Iannarelli did not appeal that decision; two years later, he withdrew all the money in his ABP account – a sum of $468.03.

Iannarelli then accepted a job with the Bergen County Community Health Law Project, a PERS-eligible position, and attempted to re-enroll in PERS. The Division determined that Iannarelli had terminated his membership in ABP and retired once he elected to withdraw cash from his account, pursuant to N.J.S.A. 18A:66-175. The Division therefore denied Iannarelli's request because he previously "received a distribution" from his ABP account and "therefore [was]

3

prohibited from enrolling in . . . PERS." The Division further determined that because Iannarelli had retired, he could no longer participate in any other State-run retirement program, pursuant to N.J.S.A. 43:3C-1. The Division issued its decision on December 7, 2015.

Iannarelli did not appeal the decision to this court; instead, in January 2016, he attempted to challenge the decision by filing a complaint in the Chancery Division. In September 2016, the Chancery Division transferred the matter to this court, pursuant to Rule 1:13-4. We now address Iannarell's challenge to the Division's decision.

## II.

We exercise limited review of an administrative agency's decision. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We accord a "strong presumption of reasonableness" to the agency's exercise of its statutorily delegated responsibilities. City of Newark v. Natural Res. Council, 82 N.J. 530, 539 (1980).

The reviewing court "should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In

re Application of Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); see also Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009).  The burden of showing the agency's action was arbitrary, unreasonable, or capricious rests upon the appellant.  See Barone v. Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986).

Nevertheless, an appellate court is "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).   If our review of the record leads us to conclude that the agency's finding is manifestly mistaken, the decision is not entitled to judicial deference and must be set aside.  L.M. v. Div. of Med. Assistance & Health Servs., 140 N.J. 480, 490 (1995).

It is a "well-settled proposition that since pension laws are remedial social legislation, they must be liberally construed in favor of the persons intended to be benefitted thereby."  Bumbaco v. Bd. of Trs. of Pub. Emps.' Ret. Sys., 325 N.J. Super. 90, 94 (App. Div. 1999) (citing Steinmann v. State, 116 N.J. 564, 572 (1989)).  However, we are also mindful that courts must construe pension statutes "so as to preserve the fiscal integrity of the pension funds."  DiMaria v. Bd. of Trs. of Pub. Emps.' Ret. Sys., 225 N.J. Super. 341, 354 (App. Div. 1988).

Iannarelli argues for a remand, asserting the OAL must resolve a "number of factual issues." Iannarelli's alleged factual disputes include whether or not he actually retired and whether he received proper notice that withdrawing from his ABP account equates to retirement.

The points raised by Iannarelli are not factual disputes. Rather, the issues are controlled by statute, and the statutory language clearly defeats Iannarelli's claim for relief.

First, "Membership or participation in the [ABP] shall terminate and the individual shall be considered retired once he has elected to receive a distribution of the value of his accounts in a direct payout, a rollover, an annuity, or a combination thereof." N.J.S.A. 18A:66-175. Thus, there is no factual dispute. Iannarelli withdrew $468.03 from his ABP account in April 2014 – an undisputed fact. Therefore, the statute mandates that he "shall be considered retired." N.J.S.A. 18A:66-175.

Likewise, if a member receives a retirement allowance and later becomes employed in another position, which would otherwise make him eligible for membership in another State pension fund, the member is not eligible to enroll in that pension fund. N.J.S.A. 43:3C-1. Thus, by withdrawing the ABP funds,

Iannarelli could not re-enroll in PERS, despite obtaining a position that would otherwise qualify him to enroll in PERS.

Lastly, the record shows that Iannarelli received adequate notice that withdrawing funds from the ABP account would deem him retired and ineligible to contribute to another pension account. ABP Fact Sheet # 39, available on the Division's website before Iannarelli withdrew the funds from his ABP account, provides:

> A member may begin collecting an annuity, or take a cash distribution, at any time after termination of employment; however, if you return to public employment in New Jersey, you cannot participate in any state-administered retirement system. The member will automatically be considered retired, regardless of age, if there is any distribution of mandatory contributions.

In light of the clear notice provided in the fact sheet, the Division provided adequate notice to Iannarelli of the consequences of taking a distribution from his ABP account.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0509-16T3